**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

|  |  |
|---|---|
| Karri Henrion, | : |
|  | : |
| Plaintiff, | : Civil Action No.: 2:15-cv-13803 |
|  | : |
| v. | : |
|  | : **DEMAND FOR JURY TRIAL** |
| Merchants & Medical Credit Corporation, Inc., | : |
|  | : |
| Defendant. | : |
|  | : |

**COMPLAINT & JURY DEMAND**

For this Complaint, Plaintiff, Karri Henrion, by undersigned counsel, states as follows:

**JURISDICTION**

1.      This action arises out of Defendant's repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA"), and the Electronic Fund

Transfer Act, 15 U.S.C. § 1693 *et seq.* (the "EFTA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant

transacts business in this District and a substantial portion of the acts giving rise to this action

occurred in this District.

**PARTIES**

3.      Plaintiff, Karri Henrion ("Plaintiff"), is an adult individual residing in Macomb,

Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant Merchants & Medical Credit Corporation, Inc. ("Merchants"), is a

Michigan business entity with an address of 6324 Taylor Drive, Flint, Michigan 48507, operating

as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.      Merchants at all times acted by and through one or more of the collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6.     Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.     The Debt was purchased, assigned or transferred to Merchants for collection, or Merchants was employed by the Creditor to collect the Debt.

9.     Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Merchants Engages in Harassment and Abusive Tactics

10.     In or around January 2015, Plaintiff agreed to allow Merchants to withdraw two payments of $160.00 from her bank account.

11.     However, on or about March 24, 2015 Merchants withdrew the unauthorized amount of $893.00 out of Plaintiff's bank account.

### C. Plaintiff Suffered Actual Damages

12.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

13.     As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

14.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15.     Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

16.     Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false,

17.     Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect the Debt.

18.     Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

19.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

20.     Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE EFTA - 15 U.S.C. § 1693 *et seq.*

21.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     Plaintiff maintained an "account" as that term is defined in 15 U.S C. § 1693a(2).

23.     Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1693a(6).

24.     Defendants violated 15 U.S.C. § 1693e(a) in that Defendants executed a  an electronic fund transfer from Plaintiff's account without Plaintiff's prior written authorization.

25.     Defendants further failed to comply with the EFTA in that, insofar as Defendants purport to obtain consumer consent through telephonic tape-recording or electronic means,

Defendants failed to comply with the requirements of the Electronic Signatures In Global And National Commerce Act, 15 U.S.C. § 7001 et seq., because Defendants did not obtain from Plaintiff valid "electronic signature" within the meaning of 15 U.S.C. § 7006(5), Defendants did not obtain valid consent from Plaintiff to provide electronic copies to them of their purported authorizations, and Defendants did not provide to Plaintiff any copies of their purported authorizations, including n electronic form or otherwise.

26.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the EFTA.

27.     Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages pursuant to 15 U.S.C. § 1693m(a)(1);

5. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1693m(a)(2)(A);

6. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3); and

7. Punitive damages against Defendant; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 27, 2015

Respectfully submitted,

By: <u>/s/ Sergei Lemberg, Esq.</u>
Attorney for Plaintiff Karri Henrion
LEMBERG LAW, L.L.C.
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (888) 953-6237
Email: slemberg@lemberglaw.com